# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**TASAUNA MURPHY** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:14CR00321-01**<br><br>Linda C. Harter, Assistant Federal Defender<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count: <u>1 of the Information</u>.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. section 371 | Conspiracy (CLASS D FELONY) | 07/01/2013-09/30/2013 | 1 |

The defendant is sentenced as provided in pages 2 through <u>11</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

[ ] Indictment is to be dismissed by District Court on motion of the United States.

[✔] Appeal rights given.       [ ] Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

08/20/2015
Date of Imposition of Judgment

*/s/ Morrison C. England, Jr.*
Signature of Judicial Officer

**MORRISON C. ENGLAND, JR.**, United States District Judge
Name & Title of Judicial Officer

08/27/2015
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months.

[ ]      No TSR: Defendant shall cooperate in the collection of DNA.

[✔]      The Court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in the Nevada County Jail facility, but only insofar as this accords with security classification and space availability.

[✔]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
                     Deputy U.S. Marshal

| | |
|---|---|
| CASE NUMBER: 2:14CR00321-01 | Judgment - Page 3 of 11 |
| DEFENDANT: TASAUNA MURPHY | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>36 months</u>.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of her person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of her assets until the fine and/or restitution order by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if she has reverted to the use of drugs or alcohol.

7. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

8. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

9. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.

10. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.

| CASE NUMBER: | 2:14CR00321-01 | Judgment - Page 5 of 11 |
|---|---|---|
| DEFENDANT: | TASAUNA MURPHY | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|         | Assessment | Fine  | Restitution  |
|---------|------------|-------|--------------|
| Totals: | $100.00    | $0.00 | $206,292.72  |

[ ] The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amount listed below (SEE FOLLOWING PAGES).

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:14-cr-00321-MCE   Document 59   Filed 08/27/15   Page 6 of 11

CASE NUMBER: 2:14CR00321-01  Judgment - Page 6 of 11
DEFENDANT: TASAUNA MURPHY

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TD Bank<br>991 S. Township Line Road<br>Royersford, PA 19468 | $5,000.00 | $5,000.00 | |
| Susquehanna Bank<br>536 N. Lewis Road<br>Limerick, PA 19468 | $1,500.00 | $1,500.00 | |
| CBPA/King of Prussia<br>160 N. Gulph Road #1397,<br>King of Prussia, PA 19406 | $7,500.00 | $7,500.00 | |
| First Commonwealth<br>Federal Credit Union<br>450 Union Boulevard<br>Allentown, PA 18109 | $1,000.00 | $1,000.00 | |
| Susquehanna Bank<br>1139 W. Hamilton St.<br>Allentown, PA 18101 | $7,500.00 | $7,500.00 | |
| New Tripoli Bank<br>7747 Claussville Road<br>Orefield, PA 18069 | $8,500.00 | $8,500.00 | |
| Mid Penn Bank<br>17 N. 2nd St.<br>Harrisburg, PA 17101 | $500.00 | $500.00 | |
| Cash Jonestown Bank<br>2 W. Market Street<br>Jonestown, PA 17038 | $8,500.00 | $8,500.00 | |
| Cash Jonestown Bank<br>1765 Quentin Road<br>Lebanon, PA 17042 | $8,500.00 | $8,500.00 | |
| Citizens Bank/UNI<br>10 S. Second Street<br>Harrisburg, PA 17101 | $8,500.00 | $8,500.00 | |
| Crown Plaza<br>260 Mall Boulevard<br>King of Prussia, PA 19406 | $494.64 | $494.64 | |
| Holiday Inn Express<br>3620 Hamilton Boulevard<br>Allentown, PA 18103 | $280.48 | $280.48 | |
| Holiday Inn Express<br>3620 Hamilton Boulevard<br>Allentown, PA 18103 | $280.48 | $280.48 | |
| Heritage Inn<br>34521 Postal Lane<br>Lewes, DE 19958 | $396.36 | $396.36 | |
| Heritage Inn<br>34521 Postal Lane<br>Lewes, DE 19958 | $396.36 | $396.36 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties  Case 2:14-cr-00321-MCE   Document 59   Filed 08/27/15   Page 7 of 11

CASE NUMBER:       2:14CR00321-01                                                                      Judgment - Page 7 of 11
DEFENDANT:         TASAUNA MURPHY

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Homewood Suites Harrisburg<br>3990 Tecport Drive<br>Harrisburg, PA 17111 | $1,192.14 | $1,192.14 | |
| M&T Bank 6317<br>5201 Coastal Highway<br>Ocean City, MD 21842 | $5,000.00 | $5,000.00 | |
| WSFS Selbyville<br>38394 Dupont Boulevard<br>Selbyville, DE 19975 | $5,000.00 | $5,000.00 | |
| Citizens & Farmers Bank<br>1167 Jamestown Road<br>Williamsburg, VA 23185 | $8,700.00 | $8,700.00 | |
| Citizens & Farmers Bank<br>3501 N. Courthouse Road<br>Providence Forge, VA 23145 | $9,500.00 | $9,500.00 | |
| Homewood Suites Arundel<br>7491 New Ridge Road<br>Hanover, MD 21076 | $381.94 | $381.94 | |
| Embassy Suites-Hampton<br>1700 Coliseum Dr.,<br>Hampton, VA 23666 | $268.94 | $268.94 | |
| Homewood Suites Arundel<br>7491 New Ridge Rd.<br>Hanover, MD 21076 | $381.94 | $381.94 | |
| Embassy Suites-Hampton<br>700 Coliseum Dr.<br>Hampton, VA 23666 | $278.89 | $278.89 | |
| Enterprise Rent-a-Car<br>501 S. Governor Printz Boulevard<br>Essington, PA 19029 | $2,700.00 | $2,700.00 | |
| M&T Bank 6317<br>5201 Coastal Highway<br>Ocean City, MD 21842 | $5,000.00 | $5,000.00 | |
| U-Haul CT El Camino<br>1650 E. El Camino Ave.<br>Sacramento, CA 95815 | $409.79 | $409.79 | |
| Avis Rent-a-Car<br>582 Clairton Boulevard<br>Pittsburg, PA 15236 | $999.38 | $999.38 | |
| First Commonwealth Bank<br>217 Franklin Street<br>Johnstown, PA 15901 | $5,000.00 | $5,000.00 | |
| First Commonwealth Bank<br>708 Q. High Street<br>Ebensburg, PA 15931 | $9,500.00 | $9,500.00 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:14-cr-00321-MCE   Document 59   Filed 08/27/15   Page 8 of 11

CASE NUMBER:       2:14CR00321-01                                                    Judgment - Page 8 of 11
DEFENDANT:         TASAUNA MURPHY

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| First National Bank<br>142 Walnut Street<br>Johnstown, PA 15901 | $5,000.00 | $5,000.00 | |
| 5/3 Murrysville BC #40305<br>4923 William Penn Hwy<br>Murrysville, PA 15668 | $2,500.00 | $2,500.00 | |
| Jersey Shore St. Bank Montoursville<br>820 Broad Street<br>Montoursville, PA 17754 | $5,000.00 | $5,000.00 | |
| Charter One/East A<br>3235 Manchester Rd.<br>Akron, OH 44207 | $3,000.00 | $3,000.00 | |
| Hampton Inn<br>1247 Smallman St.<br>Pittsburg, PA 15222 | $362.52 | $362.52 | |
| Embassy Suites Sacramento<br>100 Capitol Mall<br>Sacramento, CA 95814 | $4,297.42 | $4,297.42 | |
| First National Bank<br>117 South Allen St.<br>State College, PA 16801 | $5,000.00 | $5,000.00 | |
| Hampton Inn<br>1247 Smallman St.<br>Pittsburgh, PA 15222 | $362.52 | $362.52 | |
| Charter One/Montro<br>3235 Manchester Rd.<br>Akron, OH 44203 | $6,000.00 | $6,000.00 | |
| Cash HNB-Hillsdale<br>6505 Market Ave. North<br>Canton, OH 44721 | $2,000.00 | $2,000.00 | |
| Hampton Inn<br>140 Via Bella Street<br>Williamsport, PA 17701 | $404.23 | $404.23 | |
| Charter One/Liberty Square<br>4854 Everhard Rd NW<br>Canton, OH 44718 | $5,000.00 | $5,000.00 | |
| Hampton Inn<br>140 Via Bella Street<br>Williamsport, PA 17701 | $401.12 | $401.12 | |
| Holiday Inn Canton<br>4520 Everhard Rd.<br>Canton, OH 44718 | $601.90 | $601.90 | |
| Charter One/Morse<br>1630 Morse Rd.<br>Columbus, OH 43229 | $2,000.00 | $2,000.00 | |

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:14-cr-00321-MCE Document 59 Filed 08/27/15 Page 9 of 11

CASE NUMBER: 2:14CR00321-01  Judgment - Page 9 of 11
DEFENDANT: TASAUNA MURPHY

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 5/3 Gahanna BM#28300<br>300 S. Hamilton Rd.<br>Gahanna, OH 43230 | $2,500.00 | $2,500.00 | |
| Chase North High St.<br>677 N. High St.<br>Columbus, OH 43215 | $5,000.00 | $5,000.00 | |
| Hampton Inn<br>4150 Stlezer Rd.<br>Columbus, OH 43230 | $730.98 | $730.98 | |
| Hampton Inn<br>4150 Stlezer Rd.<br>Columbus, OH 43230 | $661.98 | $661.98 | |
| Chase WIXOM Meijer<br>29750 Wilcom Rd.<br>Wixom, MI 48393 | $3,000.00 | $3,000.00 | |
| Cash TCF NOVI<br>47500 Grand River Ave.<br>Novi, MI 48374 | $5,000.00 | $5,000.00 | |
| Charter One/Okemos<br>1575 W. Grand Ave.<br>Okemos, MI 48864 | $5,000.00 | $5,000.00 | |
| Embassy Suites Columbus<br>2700 Corporate Exchange Dr.<br>Columbus, OH 43231 | $601.19 | $601.19 | |
| Embassy Suites Columbus<br>2700 Corporate Exchange Dr.<br>Columbus, OH 43231 | $617.53 | $617.53 | |
| The Ritz Carlton Chicago<br>160 E. Pearson St.<br>Chicago, IL 60611 | $1,971.00 | $1,971.00 | |
| Famers Bank & Savings Co.<br>164 Upper River Road<br>Gallipolis, OH 45631 | $8,000.00 | $8,000.00 | |
| United Bank<br>113 N. St. W<br>Ripley, WV 25271 | $5,000.00 | $5,000.00 | |
| Hampton Inn & Suites<br>6060 Rashelle Drive<br>Flint, MI 48507 | $396.27 | $396.27 | |
| The Ritz Carlton Chicago<br>160 E. Pearson St.<br>Chicago, IL 60611 | $2,199.08 | $2,199.08 | |
| Detroit Embassy Suites<br>8600 Wickham Rd.<br>Romulus, MI 48174 | $504.21 | $504.21 | |
| Detroit Embassy Suites<br>8600 Wickham Rd.<br>Romulus, MI 48174 | $504.21 | $504.21 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
| --- | --- | --- | --- |
| Cash Peoples Bank<br>2513 Jackson Ave.<br>Point Pleasant, WV 25550 | $8,000.00 | $8,000.00 | |
| Hampton Inn<br>444 Upper River Rd.<br>Gallipolis, OH 45631 | $259.32 | $259.32 | |
| Embassy Suites Charleston<br>300 Court St.<br>Charleston, WV 25301 | $770.26 | $770.26 | |
| Embassy Suites Charleston<br>300 Court St.<br>Charleston, WV 25301 | $638.37 | $638.37 | |
| Sovereign Bank<br>355 Broad St.<br>Montoursville, PA 17754 | $500.00 | $500.00 | |

Totals:            $206,292.72            $206,292.72

[] Restitution amount ordered pursuant to plea agreement $ ___

[] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✔] The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [✔]  The interest requirement is waived for the   [] fine     [✔] restitution

   []  The interest requirement for the     [] fine  [] restitution is modified as follows:

[] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✔] If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  [ ]  Lump sum payment of $ ___ due immediately, balance due

   [ ]   not later than ___ , or
   [ ]   in accordance with   [ ] C,    [ ] D,    [ ] E, or    [ ] F below; or

**B**  [✔]   Payment to begin immediately (may be combined with   [ ] C,    [ ] D, or   [ ] F below); or

**C**  [ ]  Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ]  Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ]  Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]  Joint and Several

The defendant, Tasauna Muurphy, is ordered to pay restitution in the amount of $206,292.72, jointly and severally, with Francis Nevarez and Jocelyn Wilson in related case 3:CR-14-038, in the Middle District of Pennsylvania (MDPA), due immediately. Interest is waived.

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including costs of prosecution and court costs.